UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLOTTE CAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01325-TWP-MJD |
| ) | |
| CREDITORS' SERVICE OF INDIANA, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*. [Dkt. 15.] On September 13, 2016, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 26.] For the reasons set forth below, the Magistrate Judge recommends Defendant's motion be **GRANTED.**

**I.   Background**

This is a Fair Debt Collection Practices Act ("FDCPA") action. On August 21, 2015, Plaintiff filed her original Complaint against Inland Collection Services, Inc. ("Inland"), the collection agency that sent Plaintiff an allegedly unlawful dunning letter. On September 1, 2015, Inland's registered agent, John Van Dyke, was served with the Summons and Complaint. Inland filed its Articles of Dissolution with the Indiana Secretary of State on September 28, 2015. The Articles of Dissolution indicated Inland was dissolved on June 30, 2015. [Dkt. 22-1.]

On January 22, 2016, Plaintiff filed a Notice of Status of Case, reporting to the Court that Plaintiff's counsel had communicated with a representative from Inland who also was employed

1

by Defendant Creditors' Service of Indiana ("Creditors' Service"). [Dkt. 9.] Plaintiff's counsel noted that the corporations are located in the same building and share the same employees. *Id*. Inland's representative notified Plaintiff's counsel via email on December 17, 2015, that Inland had gone out of business. Plaintiff's counsel reported to the Court that he was verifying Inland's status and "determining the best course of action for the remainder of the case." [Dkt. 9.]

On June 7, 2016, Plaintiff sought leave to amend her complaint to substitute Creditors' Service for Inland as Defendant in this matter. [Dkt. 10.] Plaintiff asserted that the two corporations shared the same employees, same ownership, same address and same clients. [*Id*. at ¶8.] "To permit Inland Collection Services, Inc. to escape FDCPA liability by 'dissolving'. . . would be to promote fraud and injustice." *Id*. The Court granted Plaintiff's motion and the Amended Complaint was deemed filed as of June 7, 2016. [Dkt. 11.]

Creditors' Services now seeks to dismiss Plaintiff's Amended Complaint on the grounds that it violates the FDCPA's one year statute of limitations. Plaintiff maintains the Amended Complaint is proper because it relates back to the original complaint, satisfying the Rule 15(c)(1)(C) requirements of notice and mistake. At the request of the Court, the parties submitted additional briefing on the applicability of the doctrine of equitable estoppel to suspend the running of the statute of limitations. [Dkt. 32.]

## II.  **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise

2

the possibility of relief above the "speculative level." *Twombly*, 550 U.S. at 555. The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *Vesely v. Armslist* LLC, 762 F.3d 661, 664 (7th Cir. 2014).

### III.     Discussion

Defendant seeks dismissal of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims are time-barred as a matter of law. The one-year FDCPA limitations period began to run in November of 2014 when Plaintiff received the dunning letter. Consequently, Defendant argues, Plaintiff's substitution of Creditors' Services in place of Inland in June of 2016 was untimely. Plaintiff asserts the substitution of Defendant "relates back" to the original complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C) and therefore is proper.

> An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

Creditors' Services argues Plaintiff's untimely amendment was not the result of a "mistake" as contemplated by the Rule. Rather, Plaintiff initially sued the proper defendant

3

(Inland) and only substituted Creditors' Services because she believed Inland would be judgment proof by virtue of its dissolution. [Dkt. 25 at 4.] The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Ry. Co*, 469 F.3d 590, 595 (7th Cir. 2006). In addition, the Rule's "mistake" requirement is independent from the determination of whether the new party knew that the action would be brought against it. "Indeed, 'in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him.'" *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (internal citation omitted). Although the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A*. shifted the Rule 15 inquiry from plaintiff's knowledge of defendant's identity to defendant's knowledge that it would have been the one sued but for a mistake, it did not eliminate the "mistake" requirement. 560 U.S. 538 (2010). *See e.g. Joseph v. Elan Motorsports Techs. Racing Corp*., 638 F.3d 555, 560 (7th Cir. 2011) (wherein the Court allowed amendment when plaintiff sued Elan Corp. instead of Elan Inc. – two corporations that were part of a "dizzying array of corporate entities" managed out of the same office.);

But the facts surrounding the substitution of defendants here do not constitute a "mistake" under Rule 15. Plaintiff brought suit against the proper party – the party who sent the allegedly unlawful dunning letter – Inland Collection Services. Plaintiff did not mistakenly choose an incorrect defendant from multiple combinations of DBA's. The fact that Inland was out of business does not transform it into an incorrect defendant.

However, the Court's analysis does not end here. Based upon the initial briefs, it appeared Defendant's conduct might serve as a basis to suspend the statute of limitations and allow the case to proceed on its merits. Equitable estoppel, sometimes known as fraudulent concealment, "suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing...." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm.,* 377 F.3d 682, 689 (7th Cir. 2004) (internal citation omitted). Classic examples include hiding evidence, destroying evidence, or promising during settlement negotiations not to plead the statute of limitations defense. *In re Copper Antitrust Litigation,* 436 F.3d 782, 790–791 (7th Cir. 2006). "[A] defendant who conceals vital information about the existence of a plaintiff's claim or makes representations to the plaintiff causing it to delay bringing the claim, can be estopped from relying on the statute of limitations as a defense." *Chapple v. National Starch & Chem. Co. & Oil,* 178 F.3d 501, 506 (7th Cir. 1999).

Here, it appears Creditors' Services became aware of the Complaint when it was served upon Inland (September 1, 2015) since the corporations share a registered agent (John Van Dyke). Inland did not respond to the Complaint or in any way notify Plaintiff's counsel that it had ceased operations in June 2015. Inland filed its Articles of Dissolution on September 28, 2015, and, Plaintiff alleges, shifted its operations to Creditors' Services. Plaintiff has set forth facts that could be consistent with the doctrine of equitable estoppel. Creditors' Services was aware of the lawsuit against Inland, and that Inland had ceased operations, yet did not share this information with Plaintiff until December 17, 2015 – a month after the statute of limitations had expired.

Yet despite Defendant's less than forthcoming conduct, even the application of equitable estoppel would not save Plaintiff's claim. Equitable estoppel does not reset the statute of

limitations; rather, it suspends the running of the statute of limitations for the period of time defendant prevented suit. *See Barry Aviation Inc.,* 377 F.3d at 689. "Once the circumstance giving rise to the estoppel is removed—once, for example, despite the defendant's efforts at concealment, the plaintiff learns that he has a claim—the filing of the suit cannot be delayed indefinitely." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 597 (7th Cir. 2001). If equitable estoppel were applied, the Court could toll the statute of limitations for approximately four months between the date the Complaint was filed (August 21, 2015) and the date Defendant notified Plaintiff that Inland had gone out of business (December 17, 2015), allowing Plaintiff until approximately mid-April to add or substitute Defendant for Inland. But Plaintiff did not request leave to amend until June 7, 2016. [Dkt. 10.] She offers no explanation for the six month delay between the date she became aware of Inland's status and filing the amended complaint. Regardless of Defendant's conduct, it remained incumbent upon Plaintiff to bring suit (or, in this case, amend her complaint) as soon as she became aware of Inland's status. *See e.g. Elmore v. Henderson,* 227 F.3d 1009, 1013 (7th Cir. 2000) (equitable tolling not available where plaintiff delayed four months); *see also Athmer v. C.E.I. Equip. Co., Inc.,* 121 F.3d 294, 297 (7th Cir. 1997) (equitable tolling not available where plaintiff delayed six weeks).

      The Court is cognizant of the Seventh Circuit's stance that a complaint be permitted to stand so long as "there is *any* set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood,* 318 F.3d 764, 768 (7th Cir. 2003). However, in this case, the only possible defense Plaintiff has to the statute of limitations would be the application of equitable estoppel and even the tolling provided by that doctrine would not save her claim. Therefore, Plaintiff's Amended Complaint should be **DISMISSED**.

### IV. Conclusion

Based on the foregoing, the undersigned Magistrate Judge recommends Defendant's *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* [Dkt. 15] be **GRANTED** and that this case be **DISMISSED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 31 OCT 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Jennifer Van Dame
KIGHTLINGER & GRAY LLP
jvandame@k-glaw.com